IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES BERNARD PLEAS, SR,

    Petitioner,

v.                                                  CASE NO. 4:07-cv-00292-MP-WCS

JAMES SAPP,
STATE OF FLORIDA,

    Respondents.

_____/

## **O R D E R**

This matter is before the Court on Doc. 13, Report and Recommendation of the Magistrate Judge, recommending that the habeas petition be dismissed. The Petitioner filed objections, doc. 14, which the Court has reviewed. The Court agrees with the Magistrate Judge that counsel was not ineffective for failing to request an instruction on the voluntariness of the confession. No evidence of coercion or duress was present in the trial, and counsel was not ineffective for concluding that Petitioner's stomach pain during the time he confessed did not support a likely jury inference that the confession was not voluntary or knowing.

Second, the Court agrees with the Magistrate Judge that Petitioner had agreed to the exclusion of the alibi witness, Mr. Merritt, and that even if he were able to call Mr. Merritt as a witness, it is a reasonable strategic decision by counsel that Mr. Merritt would not be likely to confess to being involved or knowing anything about the robberies. Thus, no attorney error has been shown.

Third, the state court properly held that the comments of the prosecutor in closing were not comments on the Defendant's right to remain silent. Instead, they were general statements

about the lack of evidence supporting a defense theory. The evidence could have come from other sources than the defendant himself, and so the Court agrees with the Magistrate Judge that counsel was not ineffective for failing to object to this closing.

Fourth, the Court agrees that Petitioner did not fairly present to the state court the claim that counsel should not have suggested that Petitioner received a certain check from a drug infested area. Thus, it cannot be considered here.

Fifth, the state court's correctly found that trial counsel was not ineffective for declining to impeach a defense witness based on prior statements in her deposition. It was a reasonable decision to simply refresh the witnesses recollection by showing her the deposition rather than to impeach her by showing the jury prior inconsistent statements. No counsel error has been shown in this claim.

Sixth, counsel did not err in declining to pursue alibi witness Mamie Jackson. Ms. Jackson had given counsel a handwritten note revealing that she did not know where Petitioner was at the time the crime was committed. Therefore, calling Ms. Jackson would not have helped Petitioner.

Seventh, the Court agrees that Petitioner has not shown clear and convincing evidence that his plea was anything but knowing and voluntary. The state court found that his attorney had spent hours with him explaining the nature of the charges and the elements of the offenses. Further, the plea strategy was not unreasonable given the situation the Petitioner found himself. Accordingly, no attorney error has been shown.

Eighth, the Court agrees with the Magistrate Judge that since claims One through Five are without merit, this claim - which is based on all five of those claims - is also without merit.

Ninth, the Court agrees that no attorney error can be found in his lawyer's failure to argue that the prison releasee sentencing statute cannot be applied to a person released from prison before the act's effective date.  Had his lawyer argued that application of the Act to him, a person who was released from prison before the Act took effect, was a violation of the federal Ex Post Facto clause, the argument would have failed.  This is because Petitioner's crime occurred after the effective date of the act, and that is the date that matters.

The Court having found no merit to Petitioner's nine claims, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of Magistrate Judge is adopted and incorporated herein.

The 28 U.S.C. § 2254 petition for writ of habeas corpus filed by James R. Pleas, Sr., challenging his convictions in case numbers 98-3153-AF and 98-3154-AF, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, is denied with prejudice.

**DONE AND ORDERED** this  *13th*   day of August, 2008

        *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge